UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERRY VAUGHN, | ) |
| | ) |
|     Plaintiff | ) |
| | )   CAUSE NO. 3:06-CV-330 RM |
| v. | ) |
| | ) |
| JESS ELLIOTT, *et al.*, | ) |
| | ) |
|     Defendants | ) |

OPINION AND ORDER

Derry Vaughn, a *pro se* prisoner, filed a complaint pursuant to 28 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *See* Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

>reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Vaughn alleges that on May 23, 2004, Police Officer Jess Elliott used excessive force while arresting him when he struck him in the eye ten to fifteen times and then broke his wrist. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. Graham, 490 U.S. 386, 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 441 U.S. at 497. Giving Mr. Vaughn the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim against Jess Elliott for an excessive use of force in violation of the Fourth Amendment.

Mr. Vaughn alleges that Mayor Stephen Luecke permitted Officer Elliott to have access to the marked police car in which he pursued Mr. Vaughn before arresting him.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). The mere allegation that the mayor permitted Officer Elliott to use a police car while off duty is insufficient to allege personal involvement in the officer's alleged excessive use of force after he had driven that vehicle. Therefore this claim and Mayor Stephen Luecke will be dismissed.

Mr. Vaughn alleges that the City of South Bend also violated his rights.

> For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). A plaintiff must show that municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Frake v. City of Chicago, 210 F.3d 779 (7th Cir. 2000) (parallel citations omitted). Here, any injuries that Mr. Vaughn may have sustained as a result of an excessive use of force had no connection to the policy which permitted Officer Elliott to drive a police car while off duty. Therefore this claim and defendant will be dismissed.

Finally, Mr. Vaughn alleges that Martin's Supermarket violated his rights. Martin's is a private company and it does not operate under color of state law. Therefore this claim and defendant will be dismissed.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Jess Elliott in his individual capacity for monetary damages on his Fourth Amendment excessive use of force claim;

(2) DISMISSES all other claims;

(3) DISMISSES Mayor Stephen Luecke, the City of South Bend, and Martin's Supermarket;

(4) DIRECTS the clerk to transmit the summons and USM-285's for Jess Elliott to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Jess Elliott; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Jess Elliott respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: July  24 , 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court